sufficiently clear to inform the defendants in the present instance, at least, of what was prohibited, and that did not go beyond what was justified by the findings of fact which, as we have already indicated, we are not at liberty, under the law, to disregard. So far as complainant is concerned, on the other hand, the decree gave it a full measure of protection against unlawful interference with its business, which was all that it was entitled to. It had no right to have that protection expressed in any particular phraseology. For these reasons I believe that the decree should be affirmed without modification.

---

**Aaron Anderson, Defendant in Error, v. H. A. Reiter, trading as H. A. Reiter & Company, Plaintiff in Error.**

**Gen. No. 21,049.   (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. EDMUND K. JARECKI, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed April 12, 1916.

### Statement of the Case.

Action by Aaron Anderson, plaintiff, against H. A. Reiter, trading as H. A. Reiter & Company, defendant, to recover commissions on the sale of real estate.

The case was tried before the court without a jury, and to reverse a judgment for $92.50 in favor of the plaintiff, the defendant prosecutes this writ of error.

The defendant is a real estate broker, and as such sold certain real estate on behalf of the plaintiff. Of the purchase price, $200 was paid to the defendant by the purchaser, which the defendant claimed as his commission. Plaintiff contended that the defendant's

commission was to be two and one-half per cent. of the selling price, or $107.50, and therefore $92.50 of the amount paid to the defendant belonged to the plaintiff. The evidence tended to show that the plaintiff called at the defendant's office June 2, 1914, in reference to the sale of the real estate. The defendant and his salesman Karrer were present. The amount of commission which the defendant was to charge was discussed.

The plaintiff testified that the defendant said his commission would be $200; that the plaintiff said this was too much, and that he would only pay $100; that the defendant said that $100 was not even two and one-half per cent.; that thereupon plaintiff said if defendant would not take two and one-half per cent. he (plaintiff) would not sign the contract; that the defendant said, "Well, I guess we will have to take that," and that then the plaintiff signed the contract for the sale of the property for $4,300; that later the deal was closed at Kransz's office, and that he then asked the defendant where the $200 deposit was, and the defendant stated that Mr. Karrer had it; that on the afternoon of the same day plaintiff went to the defendant's office and met Mr. Karrer and asked him for the difference between $200 and two and one-half per cent. of the selling price, which was refused on the ground that the commission agreed upon was $200.

The defendant and his salesman both testified that a few weeks prior to the time in question, they had sold for the plaintiff a flat building; that the plaintiff received as part of the consideration for said flat building the piece of real estate above referred to; that in that deal the defendant wanted $400 commission, which the plaintiff refused to pay, but finally agreed to pay $300, and further stated that if the defendant sold the real estate mentioned in the contract above referred to he would pay $200 commission; that in that transaction the plaintiff signed a written agreement to pay the defendant $300; that on June 2nd, when the plaintiff

called at the defendant's office, he asked what commission the defendant was to charge and was informed that it would be $200 as the plaintiff had theretofore agreed; that the plaintiff said he would not pay that amount; that he first said he would pay $80, then $100, and then two and one-half per cent. of the selling price; that thereupon the defendant stated that he would sell to the prospective purchaser a piece of property owned by another person in lieu of the plaintiff's property; that the plaintiff then said, "Well, all right, draw up the contract, and I will pay the $200;" that the defendant then drew up the contract which was signed. The amount of the commission, however, was not written in the contract. Defendant further testified that after the deal was closed at Kransz's office, plaintiff said, "Don't I get any of that $200"; and defendant said, "Mr. Karrer has that, I haven't"; that on the afternoon of the same day, plaintiff called at defendant's office and there met Mr. Karrer and demanded the $92.50, which was refused.

CASWELL & HEALY, for plaintiff in error.

HARRY BROWN, for defendant in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

BROKERS, § 88*—*when evidence sufficient to support verdict in action for commissions.* Evidence in action by real estate broker for commissions examined and *held* to support the verdict.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.